IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:17-cr-2-FtM-38MRM |
| JAMES BENJAMIN JONES, | |
| Defendant. | |

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO THE VICTIM RELATED ADJUSTMENT**

The United States of America, by and through the undersigned counsel, hereby submits the following Response to Defendant's Objection to the Victim Related Adjustment in the Presentence Investigation Report ("PSR"):

## I.      Introduction

On February 8, 2017, the Defendant entered a guilty plea to two separate counts of 18 § U.S.C. 245(b)(2)(C).  As part of the plea agreement, the United States agreed to recommend that the Defendant be sentenced to a term of probation not to exceed five years.  The United States intends to make such recommendation to this Court pursuant to the plea agreement, but submits this response to specifically address the Defendant's objection to the victim related adjustment under United States Sentencing Guidelines ("U.S.S.G.") § 3A1.1(a).

## II.   Victim Related Adjustment

On June 13, 2017, the Defendant submitted an objection to the PSR regarding the victim related adjustment under U.S.S.G. § 3A1.1(a). That objection remains unresolved. Although the Defendant acknowledges that his conduct in this case "was motivated by the perceived religion of the victims," he argues that "to apply this enhancement in this case will be duplicative as the underlying offenses contain an element that Mr. Jones had to be acting based on the victims' religion, ethnicity, etc." (PSR at pg. 24). In support of his position, the Defendant contrasts *United States v. Weems*, 517 F.3d 1027, 1030 (8th Cir. 2008), where the court ruled that the victim related adjustment was warranted where the defendants were convicted of conspiracy to commit a hate crime under 18 U.S.C. § 241 and *United States v. Harris*, 128 F. Supp. 3d 957, 961-63 (N.D. Miss., Sept. 14, 2015), where the court sustained the defendant's objection to the victim related adjustment under § 3A1.1(a). Such a contrast does not aid this Court in the analysis of whether the victim related adjustment applies.

First, the Defendant's argument that the § 3A1.1(a) enhancement is duplicative is misplaced. Although the victims' perceived religion is a statutory element of the crimes the Defendant pleaded guilty to, that element was not considered when determining the offense conduct under U.S.S.G. § 2H1.1.[1] The plain language of § 2H1.1 does not address hate-motivated crimes. However, the

---

[1] This section broadly addresses offenses involving individual rights. § 2H1.1 may be applied to a variety of crimes and does not exclusively apply to federal hate crime violations. For example, § 2 H1.1(b)(2) applies to public officials and offenses committed under color of law.

relevant commentary of § 2H1.1 and the language of § 3A1.1(a) (n.1) directly address this issue by specifically stating that "if… in the case of a plea of guilty … the court at sentencing determines beyond a reasonable doubt that the defendant intentionally selected any victim or property as the object of the offense because of the actual or perceived race, color, religion, national origin … of any person, an additional 3-level enhancement from § 3A1.1(a) will apply."[2]  U.S.S.G. § 2H1.1 (n.4).  Further, the relevant language and commentary of § 3A1.1, reinforces the limits of the application of subsection (a) "on the basis of gender in the case of a sexual offense" and where "an adjustment from 2H1.1(b) applies.  It is clear from the commentary in both sections that the Sentencing Commission specifically addressed the circumstances in which this adjustment would and would not apply.  In this case, the Defendant's conduct does not fall into either of the two limitations imposed by § 3A1.1, so the Probation Department properly included the 3-level adjustment in the calculation.

Additionally, and perhaps most significantly, applying the victim related hate crime enhancement under § 3A1.1(a) addresses a different harm than § 2H1.1.  If this Court were to accept the Defendant's argument, then defendants who commit hate motivated crimes would never be held fully responsible for their actions.  It defies logic that the Sentencing Commission would allow certain types of harm go unaddressed.  In fact, the Eleventh Circuit has held that accounting for different types of harm does not result in double-counting. *See United States v. Dudley*, 463 F.3d

---

[2] It is important to note that § 3A1.1(a) requires a specific finding by the trier of fact that the defendant intentionally selected a victim because of the enumerated categories. Once that finding is made, the 3-level adjustment applies.  Such a requirement is extremely rare under the U.S.S.G. and, therefore, suggests that the Sentencing Commission specifically intended for this adjustment to apply in federal hate crime violations.

3

1221, 1226-27 (11th Cir. 2006)( double counting did not occur where the defendant was sentenced to one count of mailing a threatening communication to a judge, noting that "the harm resulting from the victim's status as a judge who was threatened which is accounted for under §3A1.2(b) differs from the harm resulting from the substantial disruption to government functions which is accounted for under § 2A6.1(b)(4)"). Similarly, in this case, § 2H1.1(a)(3) addresses the harm caused by the Defendant's threats to M.D.R. in Count One of the Information and § 3A1.1(a) addresses the fact that the Defendant selected M.D.R. based on his perceived religion. In Count Two of the Information, § 2H1.1(a)(4) addresses the harm caused by the Defendant's threats to O.A.R. and § 3A1.1(a) addresses the fact that the Defendant selected O.A.R. based on his perceived religion.

Finally, the guidelines specifically state that they are applied cumulatively and that an enhancement and an adjustment may be triggered by the same conduct. *See* U.S.S.G. § 1B1.1 (n.4(B)("[a]bsent an instruction to the contrary, enhancements under Chapter Two, adjustments under Chapter Three, and determinations under Chapter Four are to be applied cumulatively. In some cases, such enhancements, adjustments, and determinations may be triggered by the same conduct").

Based on the language of the commentaries in both § 2H1.1 and § 3A1.1, it is clear that the victim related adjustment was correctly applied in this case and that the Sentencing Commission explicitly provided for such a result. *See United States v. Endsley*, No. 08-40050-01-SAC, 2009 WL 385864 *3-4 (D. Kan. February 17, 2009)(the district court overruled the defendant's objection to the victim related

adjustment, noting that § 2H1.1, comment (n.4) "expressly and unreservedly contemplates applying the racial targeting enhancement under § 3A1.1(a) to offenses covered by § 2H1.1" and "[a]s demonstrated by these provisions, the Sentencing Commission does not forbid, but expressly allows, the victim selection enhancement in § 3A1.1 for hate crimes covered under § 2H1.1"). Accordingly, the United States requests that this Court overrule the Defendant's objection to the victim related adjustment.

### III.  Conclusion

Based on the foregoing, the United States submits that the victim related adjustment was correctly applied in this case and asks this Court to overrule the Defendant's Objection to the Victim Related Adjustment.

Respectfully submitted,

*/s/ Maura D. White*
Department Of Justice Trial Attorney
Civil Rights Division, Criminal Section
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone:  (202) 616-5103
Facsimile:  (202) 514-8336
Email:      maura.white@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Maura D. White, hereby certify that on June 16, 2017, I electronically filed the United States' Response to Defendant's Objection to the Victim Related Adjustment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                */s/ Maura D. White*
                Department Of Justice Trial Attorney
                Civil Rights Division, Criminal Section
                950 Pennsylvania Avenue NW
                Washington, D.C. 20530
                Telephone:   (202) 616-5103
                Facsimile:    (202) 514-8336
                Email:          maura.white@usdoj.gov